134

## Vincent v. Commonwealth.

May 30, 1950.

A. J. Bratcher, Judge.

V. R. Logan for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellant and his son Landon Vincent were jointly indicted on a charge of assaulting Hobert White, Jr., with a deadly weapon, with intent to kill. On trial both were found guilty; the jury inflicted a sentence of imprisonment on each, fixing appellant's term at 10 years and Landon's at 5 years. Judgment was entered in accord and Eugene alone appeals.

While several grounds are set up in support of motion for new trial, it is only contended here that the Court erred in refusing a continuance of the trial; overruling motion for severance and in overruling motion for directed verdict at the conclusion of Commonwealth's and all evidence.

The record before us fails to contain a motion for continuance, or affidavit in support of such a motion, nor is reference made to the making of the motion or the court's ruling thereupon. This being true we have no way of giving this ground consideration. However, there is merit in the second ground; the court's refusal to direct a separate trial on defendant's motion. The record shows that a motion was made for a severance, the court overruling over objection with exception.

Section 237, Criminal Code of Practice provides that, ''If two or more defendants be jointly indicted for a felony any defendant is entitled to a separate trial.'' In Fugate v. Com., 202 Ky. 509, 260 S. W. 338, we held this section to be mandatory in felony cases.

Since the error requires a reversal of the judgment as to appellant, we need not go into a detailed recital of the evidence. However, we have examined it and it appears therefrom that the parties, father and son on one side, and father and son and others on the other, were engaged in what appears to have been a free for all fight. It started between Landon Vincent and Hobert White, Jr., the father of each later engaging in the melee, and it appears that all received knife wounds. The Commonwealth's testimony makes the Vincents the aggressors, the defendants' testimony being to the contrary. Landon admitted the wounding of young White, but claimed that he was acting in his defense. Eugene denies that he used or had a knife at the time. Commonwealth's witnesses testified that he did have a knife at the time and used it. The proof was very conflicting, but we conclude that the court properly let the case go to the jury.

On account of the error above mentioned the judgment is reversed with directions to allow appellant a new trial.

Judgment reversed.